# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KAMAL MUZAFFAR, M.D.**

    **Plaintiff,**

    **v.**                                                                                      **Case No. 13-CV-744**

**AURORA HEALTH CARE SOUTHERN LAKES, INC.,**

    **Defendant.**

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

Plaintiff, Kamal Muzaffar, M.D. ("Dr. Muzaffar") brings this action against Aurora Health Care Southern Lakes, Inc. ("Aurora"). He claims Aurora has retaliated against him because he complained about patient transfers that he believes violated the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. §1395dd. Presently before the Court is Aurora's motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. §1331. (Docket # 5.) Aurora argues that there is no federal question underlying Dr. Muzaffar's request for relief, nor does any federal law create his cause of action.

A claim arises under federal law for purposes of determining subject matter jurisdiction pursuant to 28 U.S.C. § 1331 if the complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Empire Healthchoise Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006). Facial challenges require only that the court look to the complaint and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (internal

citations omitted). The party invoking jurisdiction has the burden of proving jurisdiction. *See Medrano v. Brennan*, No. 08C0222, 2008 WL 2337281 (E.D. Wis. Jun. 6, 2008) (citing *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995)).

Dr. Muzaffar asserts that the court has jurisdiction pursuant to EMTALA. (Compl., Docket # 1 at ¶ 3.) Accordingly, the court must examine whether the complaint alleges a cause of action under EMTALA. As background, EMTALA prohibits hospitals from inappropriately transferring or refusing to provide medical care to persons with emergency medical conditions. 42 U.S.C. §§ 1395dd(a)-(c) (requiring hospitals to provide medical screening and stabilizing treatment for all patients with emergency medical conditions). The purpose of the statute is to prevent "patient dumping," the practice of refusing to provide emergency medical treatment to patients who are unable to pay, or transferring them before their emergency conditions are stabilized. *See Beller v. Health and Hosp. Corp. of Marion County, Indiana*, 703 F.3d 388, 390 (7th Cir. 2012) (internal citations omitted). EMTALA provides a private right of action for individuals who sustain personal harm as result of hospital's violation of the statute. *See* 42 U.S.C. § 1395dd(d)(2)(A). It also contains a whistleblower provision in 42 U.S.C. §1395dd(i), which provides as follows:

> (i) Whistleblower protections. A participating hospital may not penalize or take adverse action against a qualified medical person described in subsection (c)(1)(A)(iii) or a physician because the person or physician refuses to authorize the transfer of an individual with an emergency medical condition that has not been stabilized or against any hospital employee because the employee reports a violation of a requirement of this section.

The complaint alleges that Dr. Muzaffar contracts with Aurora to provide physician services under hospital privileges. (Compl., Docket # 1 at ¶ 7.) The complaint further states that in February 2010, Dr. Muzafar was the doctor on call at Aurora Lakeland when a request came in to transfer a patient to Aurora. (*Id.* at ¶ 9.) The complaint alleges that Dr. Muzaffar was familiar with the patient

- 2 -

who was the subject of the transfer request and believed that this patient would receive better care at a different hospital. (*Id.* at ¶ 10.) As a result, Dr. Muzaffar initially refused to authorize the transfer of this patient to Aurora. (*Id.*) The physician from the requesting hospital did not agree and forced the patient's transfer to Aurora. (*Id.*) Additionally, on the same day, two other patients were transferred to Aurora without Dr. Muzaffar's knowledge or consent. (*Id.* at ¶ 11.) These transfers were authorized by another physician notwithstanding that Dr. Muzaffar was the on-call physician for these patients. (*Id.*) Had Dr. Muzaffar been consulted, he would have refused to authorize the transfer of these two patients unless the other physician completed legally mandated transfer documentation in compliance with EMTALA. (*Id.*) In these instances, the mandated transfer paperwork had not been completed. (*Id.*) Dr. Muzaffar reported his belief that EMTALA was violated to the hospital's Medical Executive Committee. (*Id.* at ¶ 12.) Dr. Muzaffar alleges that Aurora retaliated against him for reporting that the transfers violated EMTALA. (*Id.* at ¶ 19.). Finally, the complaint alleges that Dr. Muzaffar has suffered financial losses, distress, and humiliation as a result of Aurora's retaliatory conduct. (*Id.* at ¶ 26.)

Thus, from the face of the complaint, Dr. Muzaffar is not alleging that he sustained personal harm as result of hospital's violation of EMTALA under 42 U.S.C. § 1395dd(d)(2)(A). The question remains whether the complaint alleges a violation under the whistleblower provision of 42 U.S.C. § 1395dd(i). As indicated from the language of the statute, the whistleblower provision protects two categories of individuals. First, it protects qualified medical persons or physicians who refuse to authorize the transfer of an individual with an emergency medical condition that has not been stabilized. Second, it protects hospital employees from retaliation for reporting EMTALA violations. While the complaint does not cite to the whistleblower provision, § 1395dd(i), explicitly, it is

apparent from the allegations in the complaint that it is invoking that provision. But which of the two categories covered by the whistleblower provision? It is clear that the complaint does not allege facts in support of the first category. The complaint alleges that the hospital retaliated against Dr. Muzaffar for reporting EMTALA violations, not for refusing to transfer a patient or patients who had not been stabilized.

As to the second category, it is unclear whether Dr. Muzaffar is a hospital employee covered under this provision. The statute itself does not define hospital employee. The complaint alleges that Dr. Muzaffar contracts with Aurora to provide services under hospital privileges. (Compl., Docket # 1 at ¶ 7.) It further alleges that on a specified date, Dr. Muzaffar served as the Aurora-Lakeland on-call physician. (*Id.* at ¶ 11.) Finally, Aurora refers to Dr. Muzaffar as a staff member.[1] (Exh. A to Mtn. to Dismiss, Docket # 5-1 at 1 ("The committee values your staff membership.").) At this stage of the pleadings, these facts, which are taken as true for purposes of the motion, may be sufficient to allege an employee relationship with the hospital. In other words, these facts may be sufficient to survive a facial challenge to the complaint.

But, the analysis does not end there. In asserting that Dr. Muzaffar is not a hospital employee protected by the whistleblower provision, Aurora not only raised a facial challenge to jurisdiction but also a factual challenge to jurisdiction. A factual challenge lies where "the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). The law is clear that when considering a motion that

---

[1] Plaintiff moves to strike a letter from Aurora attached to Defendant's motion to dismiss. (Docket 5, ExhibitA). The motion is denied. The complaint refers to this letter and its contents are central to the plaintiff's claim. *See United States ex rel. Roach Concrete, Inc. v. Veteran Pac., JV*, 787 F.Supp. 2d 851, 854-55 (E.D. Wis. 2011).

launches a factual attack against jurisdiction, "'[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008) (quoting *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007)); *see also United Phosphorus*, 322 F.3d at 946; *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 n.2 (7th Cir. 2002); *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). Because "jurisdiction cannot be conferred by consent of the parties, if the facts place the district court on notice that the jurisdictional allegation probably is false, the court is duty-bound to demand proof of its truth." *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986). Accordingly, additional information is required for the court to ascertain jurisdiction in this case. As the plaintiff bears the burden to establish jurisdiction, Dr. Muzaffar will be provided an opportunity to respond to the factual challenge to jurisdiction raised by Aurora.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that by no later than October 14, 2013, must file a response addressing the factual challenge to jurisdiction. If Aurora wishes to respond to plaintiff's submission, it must do so by no later than October 21, 2013.

**IT IS FURTHER ORDERED** that the plaintiff's motion for sanctions (Docket # 12) is **DENIED**.

**FINALLY, IT IS ORDERED** that plaintiff's motion to strike (Docket # 10) is also **DENIED**.

Dated at Milwaukee, Wisconsin this 4th day of October, 2013.

                                                     BY THE COURT

                                                 *s/Nancy Joseph*
                                                 NANCY JOSEPH
                                                 United States Magistrate Judge