**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

KAMAL MUZAFFAR, M.D.,

    Plaintiff,

  v.                                                         Case No. 13-CV-744

AURORA HEALTH CARE SOUTHERN LAKES, INC.,

    Defendant.

## ORDER

On August 11, 2014, the plaintiff filed a stipulated protective order governing the protection of confidential financial and medical information for the Court's approval. (Docket # 44.) The stipulation mirrors the standard language provided in this district's Civil Local Rule 26(e). Although the parties state that they wish to protect the privacy of confidential financial and medical information, the stipulation allows either party to designate information confidential if the party believes in good faith that "it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information." (Docket # 44 at 4.) Also absent from the parties' stipulation, however, is a showing of good cause to issue such an order in this case.

The Court cannot enter a generic protective order concealing unspecified amounts and types of information. This is because pretrial discovery must, as a general proposition, occur in the public eye, unless compelling reasons exist for limiting the public's access. *American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999) (noting presumption of public access to discovery materials). A

protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 946. Federal Rule of Civil Procedure 26(c) allows the Court to enter a protective order for good cause shown. The party requesting the protective order has the burden of demonstrating to the Court that good cause exists for its issuance. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). This is so even where the parties stipulate to a protective order. *Id.*

Here, while the parties have delineated the general types of information that they wish to keep confidential (i.e., financial and medical information), they have not tailored the form protective order found in Civil Local Rule 26(e) to meet their specific needs. Further, the parties do not specify what types of financial or medical information they wish to protect.

Most importantly, however, the stipulation does not provide the Court with a basis on which to determine whether good cause exists to enter a protective order. Federal Rule 26 does not provide an absolute privilege for confidential information, *see Federal Open Market Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 362 (1979), and documents cannot be kept confidential simply because a party asserts the documents are by their nature confidential documents, *see Baxter Internat'l Inc. v. Abbott Laboratories*, 297 F.3d 544, 547 (7th Cir. 2002) (finding that a document cannot be deemed confidential "because we say so"). A document cannot be confidential based on conclusory statements that a party will be harmed. *See Baxter Internat'l*, 297 F.3d at 547 (finding that a document cannot be deemed confidential on the ground that it could "harm [defendant's] competitive position"). Rather, to establish "good cause" under Rule 26(c), the party seeking confidentiality must show a "clearly defined and very serious injury" that will result from disclosure. *Forst v. SmithKline Beecham Corp.*, 602 F. Supp. 2d 960, 974 (E.D. Wis. 2009) (internal citation and quotation omitted).

Accordingly, so the Court can determine whether good cause exists to enter a protective order, the parties should properly demarcate the categories of documents they wish to secret, as well as describe the specific injury that will occur if the documents are disclosed.

**NOW, THEREFORE, IT IS ORDERED** that the parties' stipulated protective order (Docket # 44) is **DENIED**. However, the Court invites the parties to file an appropriate motion addressing the deficiencies articulated in the decision and file a modified proposed protective order. The proposed protective order should reflect the specific needs of the parties in this case, not just the generic language set forth in Civil Local Rule 26(e).

Dated at Milwaukee, Wisconsin this 12th day of August, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge