**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

KAMAL MUZAFFAR, M.D.,

    Plaintiff,

  v.                                                              Case No. 13-CV-744

AURORA HEALTH CARE SOUTHERN LAKES, INC.,

    Defendant.

## ORDER GRANTING PROTECTIVE ORDER

On November 6, 2014, the plaintiff, Dr. Kamal Muzaffar ("Dr. Muzaffar"), filed a motion for a protective order. (Docket # 48.) He seeks the entry of a protective order that specifically addresses financial records. The defendant opposes the motion, arguing that the documents it seeks do not warrant a confidential designation and protection. (Docket # 50.)

Dr. Muzaffar seeks specifically to have a protective order for financial documents concerning his business, including "tax returns and other documents . . . includ[ing] bank and investment account statements, financial reports or summaries, and accounting records. (Docket # 48 at 2.) There is no dispute that Dr. Muzaffar has put these documents and this type of information in issue and that the information is discoverable. The only question is whether the information should be subject to a protective order. Previously, the parties submitted a stipulated proposed protective order, which included protection of financial information. (Docket # 44.) I did not approve the stipulated order because the proposed order was overbroad and the parties did not demonstrate good cause. (Docket # 45.)

As I outlined in that previous order, the court must first determine whether there is good cause before entering a protective order. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) ("In deciding whether to issue a stipulated protective order, the district court must independently determine if 'good cause' exists."). The party seeking the protective order bears the burden of showing that good cause exists to issue the protective order. *See Asyst Tecnologies, LLC v. Eagle Eyes Traffic Ind. Co., Ltd.*, No. 11-C-00381, 2013 WL 160264, * 2 (E.D. Wis. Jan. 14, 2013) (*citing Jepson*, 30 F.3d at 858). Conclusory statements will not suffice; rather, the party must state with specificity and particularity the facts supporting the entry of a protective order. *Id.* (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981) (quoting 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2035 (1970))). Here, I find that the plaintiff has provided sufficient good cause. While his proffered concern about potential solicitation is not particularly compelling, Dr. Muzaffar's points about the potential consequences of this information being available to his competitors do rise to the level of good cause. Additionally, the proffered protective order is identical to the protective order for medical records that I recently approved in this case. (Docket # 47.) It is neither overboard nor generic as the stipulated order I previously rejected in this case. Accordingly, the entry of the proposed protective order is warranted, and the request is granted.

I note that the defendant argues that the documents should not be subject to a protective order because the documents will have to be introduced at trial. This, however, is a matter for another day.

**THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for a protective order (Docket # 48) is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin this 14th day of November, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge