UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF WISCONSIN

KAMAL MUZAFFAR, M.D., )
)
    Plaintiff, )
) Civil Action No. 13-CV-744
v. )
)
AURORA HEALTH CARE SOUTHERN )
LAKES, INC., )
)
    Defendant. )

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### FACTUAL STATEMENT

Kamal Muzaffar, M.D., (Dr. Muzaffar), filed a Summons and Complaint on June 28, 2013. (Dkt. 1). Two subsequent amended complaints were filed. The Second Amended Complaint is the operative complaint in this action. (Dkt. 37). Aurora Health Care Southern Lakes, Inc., timely answered plaintiff's Second Amended Complaint and raised as its third affirmative defense that Dr. Muzaffar's claims are barred by the applicable statute of limitations. (Dkt. 38). The Second Amended Complaint alleges that Dr. Muzaffar reported his belief that EMTALA violations had occurred with respect to transfers of patients from Mercy Walworth Hospital to Aurora Lakeland Medical Center on February 13 or 14, 2010. (¶¶ 13-18, Dkt. 37). Dr. Muzaffar alleges that the actions of the Medical Executive Committee on July 2nd and July 8, 2010, were in retaliation for Dr. Muzaffar reporting that the Mercy transfers violated EMTALA in violation of the whistleblower provisions of 42 U.S.C. § 1395dd(i). (¶ 25 of plaintiff's Second Amended Complaint, Dkt. 37).

Plaintiff's Second Amended Complaint also contains an allegation that in 2011 Aurora "failed to respond" when Dr. Muzaffar reported that certain other hospital transfers violated

EMTALA. (¶ 28 of plaintiff's Second Amended Complaint, Dkt. 37). The Second Amended Complaint contains no allegations that Aurora acted in retaliation for Dr. Muzaffar allegedly reporting any hospital transfers in 2011. When Dr. Muzaffar was questioned regarding the allegations of ¶ 28 he testified that he only reported the 2011 allegations to Dr. Cary Berkowitz. He never followed the policy of Aurora Health Care requiring that he report any alleged EMTALA violations to Risk Management, and never raised the 2011 transfers with the Medical Executive Committee or anyone other than Dr. Berkowitz. (Weir Affidavit, ¶ 5). Dr. Berkowitz has testified that while he has no specific recollection of one of the patients referenced by Dr. Muzaffar in his testimony, that when Dr. Muzaffar would raise issues regarding the transfers of patients Dr. Berkowitz would review the records and discuss the results of his review with Dr. Muzaffar. (Weir Affidavit, ¶ 6).

Dr. Muzaffar was asked to produce any documents he had relative to the patients referenced in ¶ 28 of his Second Amended Complaint and produced no documents. (Weir Affidavit, Exhibits A and B).

On October 27, 201l, Dr. Muzaffar's counsel forwarded a letter to Ms. Carrie Norbin Killoran, VP & Chief Compliance Officer, for Aurora Health Care, Inc., stating that Dr. Muzaffar was concerned that the Medical Executive Committee's actions in July of 2010 were "taken in retaliation against him after he reported possible EMTALA violations to the MEC." (Weir Affidavit, Exhibit A). The October 27, 2011, letter states that Dr. Muzaffar has authorized the law firm of Godfrey, Leibsle, Blackbourn & Horwath, S.C., to institute an action against Aurora Lakeland Medical Center. No such action was initiated until June 28, 2013. For reasons set forth below, plaintiff's claims are barred by the applicable statute of limitations and this action should be dismissed.

# STATEMENT OF PROPOSED MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE AND ENTITLE AURORA HEALTH CARE SOUTHERN LAKES TO SUMMARY JUDGMENT AS A MATTER OF LAW.

1. Plaintiff's action was commenced June 28, 2013, (Dkt. 1).

2. The operative complaint in this action is plaintiff's Second Amended Complaint. (Dkt. 37).

3. Defendant, Aurora Health Care Southern Lakes timely raised the affirmative defense that plaintiff's Second Amended Complaint is barred by the applicable statute of limitations.(Dkt. 38).

4. Plaintiff's Second Amended Complaint alleges that Dr. Muzaffar reported alleged EMTALA violations relating to transfers that occurred on February 13 or 14, 2010, (¶¶ 13-18, Dkt. 37).

5. Plaintiff's Second Amended Complaint alleges that the July 2 and July 8, 2010, actions of the Medical Executive Committee were in retaliation for Dr. Muzaffar's reporting that the Mercy transfers violated EMTALA in violation of the whistleblower provisions of 42 U.S.C. § 1395dd(i). (¶ 25, Dkt. 37).

6. Paragraph 28 of plaintiff's Second Amended Complaint alleges that Aurora "failed to respond" when Dr. Muzaffar in 2011 reported that certain other hospital transfers violated EMTALA.

7. Plaintiff provides no information regarding when in 2011 he allegedly reported these EMTALA violations, claimed to have occurred according to ¶ 28 of plaintiff's Second Complaint, in 2011.

8. Within this two year statute of limitations for bringing claims based upon transfers that occurred in February of 2010, Dr. Muzaffar's attorney forwarded a letter to the Vice President and Chief Compliance Officer of Aurora Health Care, Inc., indicating that his firm had been authorized to institute an action against Aurora Lakeland Medical Center based upon concerns Dr. Muzaffar had that the Medical Executive Committee actions taken in July of 2010 were taken in retaliation against Dr. Muzaffar after he reported possible EMTALA violations to the Medical Executive Committee. (Weir Affidavit, Exhibit A).

## MEMORANDUM OF LAW

Congress enacted EMTALA in response to incidents of "patient dumping". The situation which EMTALA was designed to address was the situation where hospitals would not provide the same treatment to uninsured patients as to paying patients, either by refusing care to the uninsured patients or by transferring them to other facilities. See *Beller v. Health & Hosp. Corp. of Marion County,* 703 F. 3d 388, 390 (7th Cir., 2012).

> EMTALA imposes two duties on hospitals with respect to patients who come to their emergency rooms: First, to provide medical screening for any emergency condition; and second, as to any emergency condition, to stabilize the patient prior to any transfer to another facility.

*Beller* at p. 390, citing 42 U.S.C. § 1395dd.

This Court has previously allowed Dr. Muzaffar the protections of the whistleblower provisions of EMTALA § 13955dd(i) even though Dr. Muzaffar is not an employee of the defendant. (Dkt. 27).

42 U.S.C. 13955dd(d)(2)(c) provides the statute of limitations for bringing claims seeking civil enforcement of 42 U.S.C. 1395dd. That provision provides in pertinent part:

(C) Limitations on actions

> No action may be brought under this paragraph more than two years after the date of the violation with respect to which the action is brought.

Plaintiffs have failed to comply with the two year statute of limitations and the Second Amended Complaint must be dismissed as the action is time barred.

The Second Amended Complaint carries forward the pertinent allegations which were raised when plaintiff initially filed this action June 28, 2013, more than three years after the EMTALA violations allegedly occurred. The Second Amended Complaint alleges that transfers occurred between Mercy Walworth Hospital and Aurora Lakeland on February 13 or 14, 2010, (¶¶ 13 and 16, Dkt. 37). Dr. Muzaffar contends that he reported these violations which had allegedly occurred on February 13 or 14, 2010, to the Medical Executive Committee, (¶ 18). Dr. Muzaffar further alleges that the July 2 and July 8, 2010, actions taken by Medical Executive Committee were in retaliation for Dr. Muzaffar reporting that the Mercy transfer violated EMTALA in violation of the whistleblower provisions of 42 U.S.C. § 1395dd(i), (¶ 25 Second Amended Complaint). All of these events occurred more than two years prior to Dr. Muzaffar filing the initial complaint in this action on June 23, 2013. Accordingly, plaintiffs' Second Amended Complaint is untimely and barred by the applicable statute of limitations contained in 42 U.S.C. §1395dd(d)(2)(c). In fact, Dr. Muzaffar's counsel stated in a letter dated October 27, 2011, that he was authorized to file an action against Aurora Lakeland Medical Center due to Dr. Muzaffar's belief that he had been retaliated against for reporting the EMTALA violations which occurred on February 13-14, 2010. This letter was sent within the two year period of limitations set forth in 42 U.S.C. 1395dd(2)(c). Plaintiff's action is untimely regardless of the analysis undertaken with regard to the events that took place in 2010.

The plain reading of the statute requires that the action must be brought within two years of the "violation". The alleged violations in this case, which resulted in the alleged retaliation, occurred on February 13 or 14, 2010. In order for Dr. Muzaffar's action to be timely the action had to be filed by February 13, or 14, 2012, at the latest. The action was not filed until one year and four months after the expiration of the statute of limitations. Plaintiff may argue that the statute of limitations for a whistleblower should not run from the date of the alleged violation, but rather should run from the date the violation was reported. Such a construction would be rewriting the statute. If Congress intended to have a longer statute of limitations for whistleblower claims, a separate provision for limitation of actions for whistleblower claims would have been included in the statute. No separate limitations period is set forth in 42 U.S.C. 1395dd which demonstrates Congress' intent that whistleblower claims had to be brought within two years of the violation.

Plaintiff's claims involving the transfers that occurred on February 13 or 14, 2010, are barred regardless of the analysis undertaken by the Court. Based upon Dr. Muzaffar's complaint the retaliatory actions took place July 2nd and July 8th, 2010, with regard to his reporting of the Mercy transfers. (Plaintiff's Second Amended Complaint ¶ 25, Dkt. 37). Plaintiff's action was filed almost three years after the alleged retaliation and almost one year and eight months after Dr. Muzaffar's counsel indicated that he had been authorized to institute a legal action based upon the alleged retaliation taken against Dr. Muzaffar in July of 2010.

Perhaps it was in recognition of the fact that any claim based upon what occurred in 2010 was time barred, as of 2013, that the Second Amended Complaint contains vague allegations regarding Dr. Muzaffar reporting that "other hospital transfers violated EMTALA in 2011", (¶ 28 Plaintiff's Second Amended Complaint). However an allegation that Aurora "failed to

respond" is the opposite of an allegation that Aurora responded with retaliation. Dr. Muzaffar has produced no records or information establishing that the 2011 alleged EMTALA violations occurred after June 28, 2011. The allegation of ¶ 28 do not allege that Aurora retaliated against Dr. Muzaffar for reporting the alleged violations in 2011. The allegation is that Aurora "failed to respond", (¶ 28). Barring any specific evidence as to when these alleged violations of EMTALA occurred in 2011, Dr. Muzaffar's claims relating to these alleged violations likewise should be dismissed. It is interesting to note that Dr. Muzaffar's counsel in his October 27, 2011, letter to Carrie Norbin Killoran, VP & Chief Compliance Officer, for Aurora Health Care, Inc., makes no reference to claims that Dr. Muzaffar is continuing to report EMTALA violations. One would question why a physician would report alleged EMTALA violations to a hospital when he has already authorized his attorney to file a lawsuit based upon alleged retaliation for previously reporting EMALA violations.

Wisconsin law is clear. "The expiration of the limitations period extinguishes the cause of action of the potential plaintiff and it also creates a right enjoyed by the would be defendant to insist on that statutory bar." *Wojtas v. Capital Guardian Trust Co.*, 477 F. 3d 924 (2007, citations omitted). Under Wisconsin law Aurora Lakeland Medical Center has an absolute right to judgment dismissing plaintiff's untimely action.

> The bar created by operation of a statute of limitations is established independently of any adjudicatory process. It is legislative expression of policy that prohibits litigants from raising claims-whether or not they are meritorious-after the expiration of a given period of time. *See Gamma Tau Educational Foundation v. Ohio Cas. Ins. Co.,* 41 Wis.2d 675, 683, 165 N.W.2d 135 (1969). *See also Denzer v. Rouse,* 48 Wis.2d 528, 534, 180 N.W.2d 521 (197). Under Wisconsin law the expiration of the limitations period extinguishes the cause of action of the potential plaintiff and it also creates a right enjoyed by the would-be defendant to insist on that statutory bar. *See Pulchinski v. Strand,* 88 Wis.2d 423, 276

N.W.2d 781 (1970). The passage of time itself destroys the right and remedy of the injured party.

*In Matter of Estate of Fessler,* 100 Wis. 2d 437, 448 (1981).

The right to enjoy this bar and the destruction of Dr. Muzaffar's cause of action is particularly clear in this case, given that Dr. Muzaffar's counsel within the period of the statute of limitations, stated that he had been authorized to file a claim against Aurora Lakeland Medical Center based upon Dr. Muzaffar's contention that Aurora Lakeland Medical Center had retaliated against him. Dr. Muzaffar and his counsel cannot sleep on their rights and file a claim after the statute of limitations for the claim has expired. This action was not commenced within the statute of limitations governing the action and must be dismissed by the Court.

**DATED** this 30th day of April, 2015.

        OTJEN, GENDELMAN, ZITZER, JOHNSON
        & WEIR, S.C., Co-Counsel for Defendant,
        Aurora Health Care Southern Lakes, Inc.

        By:____s/ Todd M. Weir_____
          TODD M. WEIR
          State Bar No. 01010442

P. O. ADDRESS:
20935 Swenson Drive, Suite 310
Waukesha, WI 53186
Telephone: (262) 777-2200
Fax: (262) 777-2201
E-Mail: tweir@otjen.com