**GODFREY, LEIBSLE,
BLACKBOURN & HOWARTH, S.C.**
ATTORNEYS AT LAW

*Providing Quality Legal Service Since 1922*

Kim A. Howarth
354 Seymour Court
Elkhorn, WI 53121
khowarth@godfreylaw.com
262-723-3220 (office)
262-741-1525 (direct)
262-723-5091 (facsimile)

October 27, 2011

Ms. Carrie Norbin Killoran
V.P. & Chief Compliance Officer
Aurora Health Care, Inc.
750 W. Virginia Street
P.O. Box 341880
Milwaukee, WI 53215-1880

RE: Dr. Kamal Muzaffar

Dear Ms. Killoran:

On August 3, 2011, you and I met to discuss my demands regarding the letter sent to Dr. Kamal Muzaffar on July 8, 2010 by the Medical Executive Committee ("MEC") of Aurora Lakeland Medical Center ("ALMC"). During our meeting, you stated that you would take the matter under advisement and contact me with your decision. As I have not heard back from you, I ask that you consider the following in furtherance of our meeting:

Although ALMC has previously denied that the MEC's letter to Dr. Muzaffar constituted a form of corrective action against him, in your March 11, 2011 letter to me, you stated that the MEC's letter to Dr. Muzaffar "would be classified as a letter of warning". I agree with this assessment.

Pursuant to the Medical Staff Bylaws ("Bylaws") of ALMC, it is clear that warning letters are a form of corrective action. *See* Bylaws § 4.1.5(b) and § 5.2.2(i). In fact, the only references to warning letters in the Bylaws are contained in the articles titled "Corrective Actions" and "Hearing & Appellate Review Procedure", both of which deal with disciplinary measures against physicians. As you know, corrective actions must be initiated through a formal written request, followed by notice to the affected physician that advises him of the basis for the request and affords the opportunity to request a preliminary interview with the MEC to "discuss, explain or refute" the allegations. *See* Bylaws § 4.1.3(a) & (b) and § 4.1.4. None of these rights were made available to my client here.

EXHIBIT
A

Case 2:13-cv-00744-NJ   Filed 04/30/15   Page 1 of 2   Document 72-1    KM 049



Ms. Carrie Norbin Killoran
Page 2
October 27, 2011

In your letter to me, you further stated that in addition to being a "letter of warning", the MEC's letter to Dr. Muzaffar also contained "recommendations" for my client. Under the Bylaws, the MEC's powers are specifically enumerated. With regard to issuing recommendations, the MEC is empowered to make recommendations to the administrator or governing board of the medical center. *See* Bylaws § 6.2(g) & (h). However, no mention is made of the MEC's ability to issue recommendations to a physician. Although the MEC has the power to "take all reasonable steps to ensure professional ethical conduct and competent clinical performance on the part of all appointees to the medical staff," in this case, Dr. Muzaffar's ethics and competency were never called into question. Therefore, this 'catch all' authority can not be used to justify the recommendations made to Dr. Muzaffar, which apparently stemmed from his personal interactions with colleagues.

Because the MEC did not follow the procedures necessary to issue a warning letter against Dr. Muzaffar, and because the MEC lacked authority to make any recommendations to my client, the MEC acted in violation of the Bylaws. Wisconsin courts have held that medical staff bylaws can be construed as contracts between medical centers and physicians, and that a physician can maintain a breach of contract suit against a medical center for any action taken in violation of such bylaws. *See Bass v. Ambrosius*, 185 Wis.2d 879, 884-886, 520 N.W.2d 625 (Ct. App. 1994).

Based on the foregoing, I reiterate my demands that (i) the MEC's letter to Dr. Muzaffar be expunged from his records and the contents of said letter be kept confidential, (ii) ALMC reimburse my client for the legal expenses he has incurred in responding to this matter, and (iii) the MEC issue a written admission that it has mishandled this situation.

Please note that although my client values his relationship with ALMC, he also values his reputation, which has been damaged by the MEC's actions. And, as we have previously discussed, my client remains concerned that the MEC's actions were taken in retaliation against him after he reported possible EMTALA violations to the MEC. Accordingly, Dr. Muzaffar has authorized my firm to institute an action against ALMC for breach of contract, among other potential claims. It is our hope that this will not be necessary. Please contact me at your earliest convenience so that we may discuss alternatives to litigation.

Very truly yours,

GODFREY, LEIBSLE,
BLACKBOURN & HOWARTH, S.C.

By: Kim A. Howarth

KAH:PSD:jks
cc: Dr. Kamal Muzaffar