UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN



KAMAL MUZAFFAR, M.D.,

    Plaintiff,

-vs-                          File No. 13-CV-744-NJ

AURORA HEALTH CARE SOUTHERN
LAKES, INC.,

    Defendant.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**NOW COMES** the Plaintiff, Kamal Muzaffar, M.D. ("Dr. Muzaffar"), by his attorneys, and responds to Plaintiff, Aurora Health Care Southern Lakes, Inc.'s ("Aurora") First Request for Production of Documents as follows:

### GENERAL OBJECTIONS

1. Dr. Muzaffar objects to each of Aurora's discovery requests to the extent Dr. Muzaffar is requested to provide information which is protected by either the attorney-client privilege, the work product doctrine, or both.

2. Dr. Muzaffar objects to each of Aurora's discovery requests to the extent that responsive documents in his control are those he obtained only in discovery from Aurora. Those documents will not be produced back to Aurora because they are already in Aurora's possession.

EXHIBIT B

2. Dr. Muzaffar's responses to Aurora's discovery requests are subject to these General Objections as if the General Objections were set forth at length as part of each response to each request made in Aurora's discovery requests.

## RESPONSE TO PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**: Copies of documents relating to concerns raised by Dr. Muzaffar regarding the transfer of patients to or from Aurora Lakeland Medical Center ("Lakeland"), including, without limitation, external and internal e-mail communications, other written communications, notes, memoranda, agendas and meeting minutes.

**RESPONSE NO. 1**: Dr. Muzaffar objects to Request No. 1 to the extent this request calls for documents inadmissible under Wis. Stat. § 904.08. Subject to this objection and the General Objections, and without waiving the same, responsive documents are produced herewith at Bates Nos. 024 through 066. Also see documents produced by Aurora in discovery.

**REQUEST NO. 2[:]** Copies of all documents relating to Dr. Muzaffar's request for use of an EPIC license, and the denial of that request, including without limitation external and internal e-mail communications, other written communications, notes, memoranda, agendas and meeting minutes.

**RESPONSE NO. 2**: Subject to the General Objections, and without waiving the same, responsive documents are produced herewith at Bates Nos. 065 through 066. Also see documents produced by Aurora in discovery.

**REQUEST NO. 3**: Copies of all documents, memoranda and correspondence, including e-mail or other ESI, relating to any meetings or discussions between Dr. Muzaffar and the Medical Executive Committee from January 1, 2008, to present.

**RESPONSE NO. 3**: Dr. Muzaffar objects to Request No. 3 to the extent this request calls for documents inadmissible under Wis. Stat. § 904.08. Subject to this objection and the

General Objections, and without waiving the same, responsive documents are produced herewith at Bates Nos. 018 through 066. Also see documents produced by Aurora in discovery.

REQUEST NO. 4: Copies of any and all documents substantiating Dr. Muzaffar's claim for "General damages, specific damages, and consequential damages, including damage to reputation, incurred by Dr. Muzaffar as a result of Aurora's retaliation for his reporting of EMTALA violations" in the sum of $100,000, as set forth in plaintiff's Rule 26(a) Disclosure.

RESPONSE NO. 4: Subject to the General Objections, and without waiving the same, responsive documents are produced herewith at Bates Nos. 001 through 066.

REQUEST NO. 5: Copies of any and all documents substantiating plaintiff's past lost business profits in the sum of $140,000, as set forth in plaintiff's Rule 26(a) Disclosure.

RESPONSE NO. 5: Dr. Muzaffar objects to Request No. 5 on the basis that it is overly broad, unduly burdensome, and vague.

REQUEST NO. 6: Copies of any and all documents substantiating plaintiff's claim for emotional distress in the sum of $25,000, as set forth in plaintiff's Rule 26(a) Disclosure.

RESPONSE NO. 6: Subject to the General Objections, and without waiving the same, responsive documents are produced herewith at Bates Nos. 018 through 066.

REQUEST NO. 7: Copies of any and all documents establishing a loss of "value of clinic building", as set forth in plaintiff's Rule 26(a) Disclosure.

RESPONSE NO. 7: Subject to the General Objections, and without waiving the same, responsive documents are produced herewith at Bates Nos. 001 through 017.

REQUEST NO. 8: Copies of any and all business tax returns and documents relating to Dr. Muzaffar's clinic building for the years 2008 to present.

RESPONSE NO. 8: Dr. Muzaffar objects to Request No. 8 on the basis that it is multiple in form, overly broad and unduly burdensome, and vague as to the meaning of "documents

relating to Dr. Muzaffar's clinic building." Subject to these objections, and without waiving the same, responsive documents are produced herewith at Bates Nos. 001 through 017.

**REQUEST NO. 9**: Copies of any and all documents kept by Dr. Muzaffar, including "letters, memoranda, e-mail, applications, and reports created by Dr. Muzaffar and Aurora, and reports created by the Wisconsin Department of Health Services," as set forth in plaintiff's Rule 26(a) Disclosure.

**RESPONSE NO. 9**: Subject to the General Objections, and without waiving the same, copies of documents described in Plaintiff's Rule 26 Disclosure are produced herewith at Bates Nos. 018 through 066.

**REQUEST NO. 10**: Copies of any and all documents provided to or sent by Dr. Muzaffar concerning or relating to the February 13 or 14, 2010, request from the Emergency Room at Mercy Walworth Hospital and Medical Center to transfer a patient to Aurora Lakeland as alleged in paragraph 13 of plaintiff's Second Amended Complaint.

**RESPONSE NO. 10**: Subject to the General Objections, and without waiving the same, copies of responsive documents are produced herewith at Bates Nos. 024 through 066. Also see documents produced by Aurora in discovery.

**REQUEST NO. 11**: Copies of any and all documents establishing that or relating to the claim that Dr. Muzaffar initially refused to authorize the transfer of a patient from Mercy to Aurora Lakeland, and that the Mercy physician did not agree and forced the patient's transfer to Aurora Lakeland as alleged in paragraph 14 of plaintiff's Second Amended Complaint.

**RESPONSE NO. 11**: Subject to the General Objections, and without waiving the same, copies of responsive documents are produced herewith at Bates Nos. 024 through 064. Also see documents produced by Aurora in discovery.

**REQUEST NO. 12**: Copies of any and all documents establishing that or relating to the claim that Dr. Muzaffar requested that the Mercy physician provide the patient with sufficient information to obtain her informed consent to the transfer to Aurora Lakeland, and that the Mercy physician refused to obtain the patient's informed consent as alleged in paragraph 15 of plaintiff's Second Amended Complaint.

**RESPONSE NO. 12**: Subject to the General Objections, and without waiving the same, copies of responsive documents are produced herewith at Bates Nos. 024 through 064. Also see documents produced by Aurora in discovery.

**REQUEST NO. 13**: Copies of any and all documents establishing that or relating to the claim that two other patients were transferred from Mercy to Aurora Lakeland without Dr. Muzaffar's knowledge or consent, as alleged in paragraph 16 of plaintiff's Second Amended Complaint.

**RESPONSE NO. 13**: Subject to the General Objections, and without waiving the same, copies of responsive documents are produced herewith at Bates Nos. 024 through 064. Also see documents produced by Aurora in discovery.

**REQUEST NO. 14**: Copies of any and all documents establishing, relating to, or supporting that Dr. Muzaffar reported his belief that EMTALA was violated to the Medical Executive Committee, as alleged in paragraph 18 of plaintiff's Second Amended Complaint.

**RESPONSE NO. 14**: Subject to the General Objections, and without waiving the same, copies of responsive documents are produced herewith at Bates Nos. 024 through 064. Also see documents produced by Aurora in discovery.

**REQUEST NO. 15**: Copies of any and all documents establishing, relating to, or supporting plaintiff's contention that the Medical Executive Committee led Dr. Muzaffar to believe that the July 2, 2010, meeting had been scheduled to address his complaints about the Mercy transfers and EMTALA violations, as alleged in paragraph 19 of plaintiff's Second Amended Complaint.

**RESPONSE NO. 15**: Subject to the General Objections, and without waiving the same, copies of responsive documents are produced herewith at Bates Nos. 024 through 064. Also see documents produced by Aurora in discovery.

**REQUEST NO. 16**: Copies of any and all documents establishing, relating to, or supporting the allegations of paragraph 21 of plaintiff's Second Amended Complaint that the Medical Executive Committee threatened Dr. Muzaffar's medical admitting privileges at Aurora

Lakeland if he pursued the disputed Mercy transfer issues and EMTALA violations at the July 2, 2010, meeting as alleged in paragraph 21 of plaintiff's Second Amended Complaint.

**RESPONSE NO. 16**: Subject to the General Objections, and without waiving the same, copies of responsive documents are produced herewith at Bates Nos. 024 through 064. Also see documents produced by Aurora in discovery.

**REQUEST NO. 17**: Copies of any and all documents establishing, relating to, or supporting a claim that Aurora later denied that Dr. Muzaffar had been criticized at the July 2, 2010, Medical Executive Committee meeting as alleged in paragraph 23 of plaintiff's Second Amended Complaint.

**RESPONSE NO. 17**: Subject to the General Objections, and without waiving the same, copies of responsive documents are produced herewith at Bates Nos. 032 through 059. Also see documents produced by Aurora in discovery.

**REQUEST NO. 18**: Copies of any and all documents establishing, relating to, or supporting a claim that Aurora admitted actions of the Medical Executive Committee on July 2, 2010, and July 8, 2010, and the July 8, 2010, Medical Executive Committee letter, constituted criticism of Dr. Muzaffar in violation of Aurora's Medical Staff Bylaws.

**RESPONSE NO. 18**: Subject to the General Objections, and without waiving the same, copies of responsive documents are produced herewith at Bates Nos. 032 through 059. Also see documents produced by Aurora in discovery.

**REQUEST NO. 19**: Copies of any and all documents establishing, relating to, or supporting the contention that the July 2 and July 8, 2010, actions were in retaliation for Dr. Muzaffar's reporting that the Mercy transfers violated EMTALA, in violation of the whistleblower provisions of 42 U.S.C. § 1395dd(i), as alleged in paragraph 25 of plaintiff's Second Amended Complaint.

**RESPONSE NO. 19**: Subject to the General Objections, and without waiving the same, copies of responsive documents are produced herewith at Bates Nos. 018 through 066. Also see documents produced by Aurora in discovery.

REQUEST NO. 20: Copies of any and all documents establishing, relating to, or supporting the claim that Dr. Muzaffar reported that certain other hospital transfers violated EMTALA, as alleged in paragraph 28 of plaintiff's Second Amended Complaint.

RESPONSE NO. 20: Subject to the General Objections, and without waiving the same, copies of responsive documents are produced herewith at Bates Nos. 024 through 064. Also see documents produced by Aurora in discovery.

REQUEST NO. 21: Copies of any and all documents establishing, relating to, or supporting the contention that Aurora continues to penalize Dr. Muzaffar for reporting EMTALA violations, as alleged in paragraph 29 of plaintiff's Second Amended Complaint.

RESPONSE NO. 21: Subject to the General Objections, and without waiving the same, copies of responsive documents are produced herewith at Bates Nos. 024 through 066. Also see documents produced by Aurora in discovery.

REQUEST NO. 22: Copies of any and all documents establishing, relating to, or supporting the contention that Aurora refused to provide Dr. Muzaffar with the right to purchase access to "Aurora Epic," as alleged in paragraph 30 of plaintiff's Second Amended Complaint.

RESPONSE NO. 22: Subject to the General Objections, and without waiving the same, copies of responsive documents are produced herewith at Bates Nos. 065 through 066. Also see documents produced by Aurora in discovery.

REQUEST NO. 23: Copies of any and all documents establishing, relating to, or supporting the contention that Aurora has permitted a similarly situated physician to have access to Aurora Lakeland medical records through the "Aurora Epic" software, as alleged in paragraph 31 of plaintiff's Second Amended Complaint.

RESPONSE NO. 23: Subject to the General Objections, and without waiving the same, copies of responsive documents are produced herewith at Bates Nos. 065 through 066. Also see documents produced by Aurora in discovery.

REQUEST NO. 24: Copies of any and all documents establishing, relating to, or supporting the contention that Dr. Muzaffar "personally and through the service corporation under

which he does business, Elkhorn Family Clinic, S.C., has suffered financial losses, distress, and humiliation as a result of Aurora's retaliatory conduct," as alleged in paragraph 32 of plaintiff's Second Amended Complaint.

**RESPONSE NO. 24**: Subject to the General Objections, and without waiving the same, copies of responsive documents are produced herewith at Bates Nos. 001 through 066. Also see documents produced by Aurora in discovery.

Dated this 15 day of Sept, 2014.

                GODFREY, LEIBSLE, BLACKBOURN &
                HOWARTH, S.C.
                Attorneys for Plaintiff

By: _____
                Lisle W. Blackbourn (1003897)
                Michael J. Frazier (1031829)

Lisle W. Blackbourn
GODFREY, LEIBSLE, BLACKBOURN &
  HOWARTH, S.C.
354 Seymour Court
Elkhorn, Wisconsin 53121
Telephone: (262) 723-3220
Facsimile: (262) 723-5091
email: lblackbourn@godfreylaw.com
T:\E\Elkhorn\FamilySC\Aurora Litigation\off copy\response-1st doc req-9.wpd