# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KAMAL MUZAFFAR, M.D.,

      Plaintiff,

    v.                                                    Case No.  13-CV-744

AURORA HEALTH CARE SOUTHERN
LAKES, INC.,

      Defendant.

---

## DECISION AND ORDER ON PLAINTIFF'S MOTION
## FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

---

The plaintiff, Dr. Kamal Muzaffar ("Dr. Muzaffar"), seeks leave to file a third amended complaint against Aurora Health Care Southern Lakes, Inc. ("Aurora"). (Docket # 58.) Aurora opposes the motion, arguing that allowing the amendments would be futile and unduly prejudicial. For the reasons outlined below, Dr. Muzaffar's motion to file a third amended complaint is denied.

## BACKGROUND

Dr. Muzaffar filed his initial complaint against Aurora on June 28, 2013. (Docket # 1.) In September 2013, I conducted a scheduling conference and set the deadline for amending pleadings for 60 days from the exchange of Rule 26(a)(1) disclosures. (Docket # 17.) On October 14, 2013, while a motion to dismiss was pending, Dr. Muzaffar filed a motion for leave to file an amended complaint. (Docket # 22.) Following my denial of the motion to dismiss, Aurora answered the amended complaint, which mooted the motion for leave to amend. (Docket # 28, 29.) In February 2014, Dr. Muzaffar filed a second amended complaint (Docket # 37), which the defendant answered on March 17, 2014 (Docket # 38).

Dr. Muzaffar's central allegation in each complaint is that Aurora retaliated against him for reporting what he believed to be violations of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. In each of his complaints, the basis for his retaliation claim was the alleged "forced" transfer from Mercy Walworth Hospital & Medical Center ("Mercy") to Aurora, where Dr. Muzaffar was working on call, of a patient who had recently received an organ transplant, as well as two other patients transferred from Mercy whom Dr. Muzaffar did not believe should have been transferred. (Compl., Docket # 1 at ¶¶ 9-12; First Am. Compl., Docket # 30 at ¶¶ 13-16; and Second Am. Compl., Docket # 37 at ¶¶ 13-17.)

In his proposed third amended complaint, Dr. Muzaffar wishes to add facts regarding an additional patient, R.C., a patient Dr. Muzaffar believed should have been transferred to a different hospital in order to provide the patient with the care he needed. (Proposed Third Am. Compl., Docket # 58-1 at ¶¶ 14-27.) Dr. Muzaffar also wishes to add additional factual allegations regarding the transfer of the three patients from Mercy and his subsequent interactions with the Medical Executive Committee. (*Id.* at ¶¶ 31-54.)

In his second amended complaint, as in his previous two complaints, Dr. Muzaffar seeks damages for "financial losses, distress, and humiliation as a result of Aurora's retaliatory conduct." (Second Am. Compl., Docket # 37 at ¶ 32; *see also* Compl., Docket # 1 at ¶ 26; First Am. Compl., Docket # 30 at ¶ 30.) In his proposed third amended complaint, Dr. Muzaffar seeks to add allegations regarding the denial of his request to have access to Aurora's electronic health care record system, Aurora Epic. (Proposed Third Amended Compl., Docket # 58-1 at ¶¶ 54-58, 61.) Dr. Muzaffar also wishes to add Elkhorn Family Clinic, S.C. ("Elkhorn Family Clinic") as a plaintiff

because of its involvement in his practice. (*Id.* at ¶ 2; Br. in Support of Mtn. to File Am. Compl., Docket # 58 at 4.)

## ANALYSIS

Generally, a motion for leave to amend a complaint is evaluated under Federal Rule of Civil Procedure 15(a)(2), which provides that courts "should freely give leave when justice so requires." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). But when a party seeks to amend the pleadings after the time for doing so has passed as determined by the court's scheduling order, as in the present case, a two-step process applies. First, a court is entitled to apply the heightened good cause standard of Rule 16(b)(4), under which the primary consideration for the court is the diligence of the party seeking amendment. *Id.*; *see also Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (explaining that the good cause standard primarily considers the diligence of the party seeking amendment to the pleadings). Then, the court considers whether the proposed amendment should be allowed under Rule 15(a)(2), which reflects a liberal attitude towards the amendment of pleadings. *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002). Rule 15 also reflects a policy that cases generally should be decided on the merits and not on the basis of technicalities. *Stern v. United States Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). Despite these leniencies in the rules, courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). An amendment is considered "futile" if it would fail to survive a motion to dismiss for failure to state a claim. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).

The first part of my analysis requires me to determine if there is good cause to allow the amendment, which, in turn, is a question of the diligence of the party seeking to make an amendment to the pleadings. Dr. Muzaffar states that he seeks to add factual allegations to his complaint "in response to information [his] attorneys learned from additional documents provided by Aurora in December 2014 and January 2015, and through 12 depositions taken by [his] attorneys . . . ." (Docket # 58 at 3.) He states that after his attorneys began taking depositions, it "became apparent" that requested documents, particularly agendas and meeting minutes from meetings of the Medical Executive Committee, had not been produced. (*Id.* at 2.) According to Dr. Muzaffar, his attorney sought these records in an email dated November 12, 2014 and a subsequent formal document request, which sought agendas, minutes, and other documents from the Medical Executive Committee, as well as the Practitioner Chart Review Committee and Credentials Verification Service. (*Id.*)

Dr. Muzaffar argues that any delay in seeking leave to file an amended complaint was caused by the defendant's delay in producing documents. This argument, however, is not persuasive. Nearly all of the proposed additional allegations relate to things Dr. Muzaffar knew personally. That is, Dr. Muzaffar did not need the additional discovery to include the allegations he proposes to now add. While there are a few exceptions regarding the particular happenings at various meetings of the Medical Executive Committee at which Dr. Muzaffar was not present (*see* Proposed Third Am. Compl., Docket # 58-1 at ¶¶ 37-39, 44), the vast majority of the additional proposed allegations were known to Dr. Muzaffar at the time he filed this case. For example, Dr. Muzaffar knew about R.C.—he was the one who thought R.C. should be transferred to another hospital better equipped to meet his medical needs. (*See id.* at ¶ 15.) Additionally, Dr. Muzaffar attended most of the meetings

of the Medical Executive Committee that he references and knew of the letters he received from and wrote to the Committee that he mentions in his proposed amended complaint. (*See id.* at ¶¶ 20-26, 40, 42-43, 45-48.) Finally, his allegations regarding the denial of his application for access to Aurora Epic were known to him before the commencement of this action, and he mentioned it, albeit in less detail, in all previous versions of his complaint. (*See id.* at ¶¶ 54-58, 61.)

Even if I found that Dr. Muzaffar could not have alleged most of the facts he seeks to now add to his complaint, he still cannot show he was diligent in seeking leave to amend. Aurora produced additional documents on December 15, 2014 and January 2, 2015. (*Id.*) Dr. Muzaffar did not file his motion for leave file an amended complaint until March 27, 2015, nearly three months after receiving the most recent discovery from Aurora. He offers no persuasive explanation for the delay between the date he received the most recent discovery and the day he filed his motion for leave to amend. This is particularly troubling given that the parties stipulated to change the scheduling order on March 5, 2015. Based on the stipulation, the deadline for filing dispositive motions was moved from March 1, 2015 to May 1, 2015. Dr. Muzaffar could have sought leave to amend then, but he did not. Moreover, to the extent Dr. Muzaffar is suggesting that the discovery—230 pages—was so voluminous that it took three months to review, I also do not find this persuasive. Dr. Muzaffar makes no attempt to explain why it took nearly three months after receipt of 230 pages of discovery to reconstruct the history of the R.C. transfer and the Mercy transfers to determine that Aurora was using both as a basis for disciplining Dr. Muzaffar, as he contends.

As to adding Elkhorn Family Clinic as a party, Dr. Muzaffar argues that he seeks to add Elkhorn as an interested party because of Dr. Muzaffar's use of the corporation for billing in his medical practice. For the first time in his reply, Dr. Muzaffar argues that Elkhorn Clinic should be

joined under Fed. R. Civ. P. 19(a). Dr. Muzaffar has not shown why Elkhorn Clinic is a required—or necessary—party under Rule 19. Determining whether a party must be joined under Rule 19(a) requires a court to examine first whether the party is a necessary or required party. *See Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001). Specifically, I need to determine "(1) whether complete relief can be accorded without joinder, (2) whether [Elkhorn Clinic's] ability to protects [its] interest will be impaired, and (3) whether the existing parties will be subjected to a substantial risk of multiple or inconsistent obligations unless [it] is joined. *Id.* (citing *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999)). In sum, "Rule 19(a) requires joinder when the presence of the party to be joined is essential to the litigants' complete relief, or when the party to be joined must be present to protect its own or another party's interests." *Boulevard Bank Nat. Ass'n v. Philips Medical Systems Intern B.V.*, 15 F.3d 1419, 1422 (7th Cir. 1994). Dr. Muzaffar has not explained why, or if, Elkhorn Clinic being joined is essential to his complete relief or what interest, if any, Elkhorn Clinic must protect. Based on the information before me, I cannot determine whether Elkhorn Clinic must be joined under Rule 19. Furthermore, I note that a court is not required to address arguments that are raised for the first time in the reply brief, *see, e.g.*, *Naducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("[T]he district court is entitled to find that an argument raised for the first time in a reply brief is forfeited."), nor arguments that are not fully developed, *see, e.g.*, *Central States, Southeast and Southwest Areas Pension Fund v. Midwest Motor Express, Inc.*, 181 F.3d 799, 808 (7th Cir. 1999) ("Arguments that are not developed in any meaningful way are waived.").

In sum, Dr. Muzaffar was not diligent in seeking to amend his complaint. Not only does the motion come long after the deadline for amending pleadings has passed, it comes nearly three months after receiving the most recent discovery from Aurora. Additionally, his proposed

amendments are almost entirely based on knowledge not dependent on the relatively newly-obtained discovery. He therefore has not met the good cause standard of Rule 16(b)(4). Because I find that Dr. Muzaffar cannot meet the good cause standard, I need not address the general standard under Rule 15(a)(2). *See Edmonson v. Desmond*, 551 Fed. Appx. 280, 282 (7th Cir. 2014) (internal citations omitted); *see also Alioto*, 651 F.3d at 720.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that Dr. Muzaffar's motion for leave to file a third amended complaint (Docket # 58) is hereby **DENIED**.

Dated at Milwaukee, Wisconsin this 8th day of May, 2015.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge