# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KAMAL MUZAFFAR, M.D.,**

    Plaintiff,

    v.                                  Case No. 13-CV-744

**AURORA HEALTH CARE SOUTHERN LAKES, INC.,**

    Defendant.

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Kamal Muzaffar, M.D. ("Dr. Muzaffar") commenced this against the defendant, Aurora Health Care Southern Lakes, Inc. ("Aurora"), on June 28, 2013 alleging retaliation under the Emergency Medical Treatment and Active Labor Act ("EMTALA"). (Docket # 1.) Presently before me is Dr. Muzaffar's motion to compel discovery, specifically patient identities and medical records from the defendant and a third party, Mercy Health Systems Corporation ("Mercy"). (Docket # 61.) For the reasons discussed below, the plaintiff's motion to compel is granted.

Dr. Muzaffar is seeking to compel discovery related to one interrogatory (Interrogatory No. 5) and three document requests (Request Nos. 3, 4, and 5) directed to Aurora, as well as patient medical records subpoenaed from Mercy. In particular, Dr. Muzaffar seeks the following discovery: relating to Interrogatory No. 5, he seeks the identities of patients transferred from Mercy to Aurora on the night of February 13-14, 2010, and in document Request No. 5, Dr. Muzaffar seeks copies of the corresponding medical and treatment records from January 1, 2009 through December 31, 2010 of the identified patients in Interrogatory No. 5; document Request No. 3 seeks copies of all medical and treatment records from 2009 relating to a patient, R.C., who was a patient at Aurora on

October 20-21, 2008; and, finally, document Request No. 4 seeks copies of medical and treatment records relating to patient S.S. from January 1, 2009 through December 31, 2010. Dr. Muzaffar served a subpoena on Mercy for medical records relating to S.S., and Mercy responded that it would produce the subpoenaed records in response to a court order. Aurora has not answered or produced documents responsive to the requests directed to it; its position is that the requested records are not relevant and the requests are not calculated to lead to the discovery of admissible evidence.

District courts have broad discretion in controlling discovery. *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 813 (7th Cir. 2006). Under Fed. R. Civ. P. 26(b)(1) parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." The information sought need not itself be admissible as long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The requested information falls within the scope of Rule 26(b)(1). In his complaint, Dr. Muzaffar alleges that he was retaliated against for reporting what he believed to be violations of EMTALA. The records he seeks relate to his retaliation claim. That is, it is reasonable to believe that the patient records could lead to admissible evidence about the alleged EMTALA violations and, in turn, any alleged retaliatory action taken against Dr. Muzaffar. Furthermore, I note that my denial of Dr. Muzaffar's motion for leave to file a third amended complaint does not change the relevance or discoverability of the records he is seeking. The alleged EMTALA violations and retaliation are still the subject matter of the second amended complaint—the operative complaint.

Furthermore, I appreciate that the records Dr. Muzaffar seeks concern patients' medical information. Therefore, I will adopt Aurora's proposed method of ensuring patient privacy is protected. Aurora should black out the names of the patient and use a medical record number to

identify the records and ensure that the correct record is being provided. Mercy should follow the same procedure when it produces the records that are the subject of the subpoena.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion to compel (Docket # 61) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 12th day of May, 2015.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge