UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KAMAL MUZAFFAR, M.D.,

        Plaintiff,

-vs-                                          File No. 13-CV-744-NJ

AURORA HEALTH CARE SOUTHERN LAKES, INC.,

        Defendant.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF FACTS ON SUMMARY JUDGMENT MOTION RE: STATUTE OF LIMITATIONS

**NOW COMES** Plaintiff, Kamal Muzaffar, M.D. ("Dr. Muzaffar"), by his attorneys, Godfrey, Leibsle, Blackbourn & Howarth, S.C., and responds to Defendant, Aurora Health Care Southern Lakes, Inc.'s ("Aurora") Statement of Proposed Material Facts to Which There is No Genuine Issue and Entitle Aurora Health Care Southern Lakes to Summary Judgment as a Matter of Law (R. 71 at 3-4) ("Def.'s Facts") as follows:

1. Plaintiff's action was commenced June 28, 2013, (Dkt. 1).

**RESPONSE NO. 1:** Undisputed.

2. The operative complaint in this action is plaintiff's Second Amended Complaint. (Dkt. 37).

**RESPONSE NO. 2:** Paragraph 2 of Defendant's Facts states a conclusion of law rather than a fact. The pleadings in the record speak for themselves.

3. Defendant, Aurora Health Care Southern Lakes timely raised the affirmative defense that plaintiff's Second Amended Complaint is barred by the applicable statute of limitations. (Dkt. 38).

1

**RESPONSE NO. 3:** Paragraph 3 of Defendant's Facts states a conclusion of law rather than a fact. The pleadings in the record speak for themselves.

4. Plaintiff's Second Amended Complaint alleges that Dr. Muzaffar reported alleged EMTALA violations relating to transfers that occurred on February 13 or 14, 2010, (¶¶ 13-18, Dkt. 37).

**RESPONSE NO. 4:** Undisputed but immaterial. Aurora retaliated against Dr. Muzaffar on July 1 and 8, 2010, and in 2013 when Aurora denied Dr. Muzaffar access to Aurora EPIC on the basis of its prior retaliatory termination of Dr. Muzaffar's membership in the Aurora Accountable Care Network. (Pl.'s Facts ¶¶ 15, 31, 23, 40-67, 78-104. *See* R. Doc. 114 at 11-16 (and facts cited therein).)

5. Plaintiff's Second Amended Complaint alleges that the July 2 and July 8, 2010, actions of the Medical Executive Committee were in retaliation for Dr. Muzaffar's reporting that the Mercy transfers violated EMTALA in violation of the whistleblower provisions of 42 U.S.C. § 1395dd(i). (¶ 25, Dkt. 37).

**RESPONSE NO. 5:** Undisputed, except the Medical Executive Committee meeting occurred on July 1, 2010.

6. Paragraph 28 of plaintiff's Second Amended Complaint alleges that Aurora "failed to respond" when Dr. Muzaffar in 2011 reported that certain other hospital transfers violated EMTAA.

**RESPONSE NO. 6:** Undisputed but immaterial. Dr. Muzaffar does not base his claim on the incidents alleged in paragraph 28 of the Second Amended Complaint.

7. Plaintiff provides no information regarding when in 2011 he allegedly reported these EMTALA violations, claimed to have occurred according to ¶ 28 of plaintiff's Second Complaint, in 2011.

**RESPONSE NO. 7:** Undisputed but immaterial. Dr. Muzaffar does not base his claim on the incidents alleged in paragraph 28 of the Second Amended Complaint.

8. Within this two year statute of limitations for bringing claims based upon transfers that occurred in February of 2010, Dr. Muzaffar's attorney forwarded a letter to the Vice President and Chief Compliance Officer of Aurora Health Care, Inc., indicating that his firm had been authorized to institute an action against Aurora Lakeland Medical Center based upon concerns Dr. Muzaffar had that the Medical Executive Committee actions taken in July of 2010 were taken in retaliation against Dr. Muzaffar after he reported possible EMTALA violations to the Medical Executive Committee. (Weir Affidavit, Exhibit A.)

**RESPONSE NO. 8:** The assertions that a two-year statute of limitation applies to claims in this action and runs from February 2010 are conclusions of law that are incorrect for the reasons stated in Dr. Muzaffar's brief on this motion. (R. Doc. 112.) A six-year statute of limitation applies to Dr. Muzaffar's EMTALA claims.

Dated this _____ day of _____, 2015.

        GODFREY, LEIBSLE, BLACKBOURN &
         HOWARTH, S.C.
        Attorneys for Plaintiff


        By:   s/ Michael J. Frazier
            Michael J. Frazier (1031829)

Lisle W. Blackbourn
GODFREY, LEIBSLE, BLACKBOURN &
 HOWARTH, S.C.
354 Seymour Court
Elkhorn, Wisconsin 53121
Telephone: (262) 723-3220
Facsimile: (262) 723-5091
email: lblackbourn@godfreylaw.com
T:\E\Elkhorn\FamilySC\Aurora Litigation\off copy\drafts\response to facts-summ j re statute of limitation grounds-3.docx